IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| GEORGE ROWAN, #A0221576, ) | CIV. NO. 14-00197 JMS/BMK |
| ) | |
| Plaintiff, ) | ORDER DISMISSING AMENDED |
| ) | COMPLAINT WITH LEAVE TO |
| vs. ) | AMEND |
| ) | |
| D.P.S. JODY HAIYASAKI, JOHN ) | |
| HALL, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## ORDER DISMISSING AMENDED COMPLAINT
## WITH LEAVE TO AMEND

Before the court is Plaintiff's first amended prisoner civil rights complaint ("FAC") brought pursuant to 42 U.S.C. § 1983. Doc. No. 7. Plaintiff is incarcerated at the Halawa Correctional Facility ("HCF"), and names Hawaii Department of Public Safety ("DPS") Deputy Director Jody Maesaka-Hirata[1] and HCF Adult Correctional Officer ("ACO") John Hall in their official capacities only and seeks injunctive relief. The FAC is nearly identical to the original Complaint, except that Plaintiff has carefully transcribed his claims, with minor corrections in spelling and grammar, onto the court's prisoner civil rights complaint form.

---

[1] Plaintiff again refers to "D.P.S. Jody Haiyasaki," despite the court's earlier comment that he clearly refers to ex-Director Jody Maesaka-Hirata.

The FAC is DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915(A)(b)(1) for Plaintiff's failure to state a claim. Plaintiff is again granted leave to amend his claims to cure their deficiencies.

## I. **STATUTORY SCREENING**

The court must screen all civil actions brought by prisoners relating to prison conditions and/or seeking redress from a governmental entity, officer, or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or its claims if they are legally frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e (c)(1).

A complaint may be dismissed for failure to state a claim for (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

The court must construe a pro se complaint liberally, accept all allegations of material fact as true, and construe those facts in the light most favorable to the plaintiff. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Leave to amend should be granted if it appears the plaintiff can correct the defects of his or her complaint. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

3

## II. PLAINTIFF'S ALLEGATIONS

Count I of the FAC alleges:

> [Plaintiff] notifide [sic] staff about activit[i]es that was going on between this certain A.C.O. and inmates. [A]s by notifing [sic] staff they have found out how much I was involved with the issue I had complained about they did not take p[re]caution about my saf[e]ty. I had asked to be placed in [protective custody status] but they refused my request. As I wrote to Mrs. Jody Hayasaki about these issues there was no diffrent [sic] respond [sic] in the matter. Inmates started abusing me mentally, psycially [sic], and staff did nothing about rendering to my aid. At the enesal [sic] conversation at that time they had promised me to meet my needs to protect me and my well beings at halawa facility[.]

FAC, Doc. No. 7, PageID #46-47.

In Count II, Plaintiff alleges that he:

> spoke to D.P.S employe[e]s from I.A. [Internal Affairs] about the issues of John Hall being involved of elegal [sic] activit[i]es between inmates and himself [and] I started having many issues about my safty [sic] between him and other inmates. Halawa Staff knew about the issue's [sic] but never act[ed upon] it[.] [I]nmates was mentally and phycially [sic] abusing me that staff had refused to give me the attention also. I had suffered hardship paid many amount's [sic] of money to make it seem like I was at fa[u]lt. At the same time of this issues thing became very diffic[ult] between myself and family. The hardship between that matter had drained us deeply.

*Id.*, PageID #48-49. Plaintiff asks the court to accept the FAC and transfer him to another facility.

4

## III. DISCUSSION

"To sustain an action under section 1983, a plaintiff must show '(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right.'" *Hydrick v. Hunter*, 500 F.3d 978, 987 (9th Cir. 2007) (citation omitted), *vacated and remanded on other grounds*, 556 U.S. 1256 (2009); *see also West v. Atkins*, 487 U.S. 42, 48 (1988); 42 U.S.C. § 1983.

Plaintiff's allegations continue to confound the court. His statements suggest that he reported Hall's allegedly illicit activities and asked for, but was refused, protective custody status. It appears he wrote Maesaka-Hirata, but she either did not respond or she upheld the prison's decision to deny him protective custody.[2] Plaintiff was apparently subjected to retaliation from other inmates, or possibly, from Hall. Plaintiff's claims still fail to plainly and succinctly show that Hall retaliated against him or that Maesaka-Hirata failed to protect him from harm in violation of his constitutional rights, however. Plaintiff fails to allege *when* he reported Hall's allegedly illegal activity to HCF officials or *what* Hall's activity involved. He does not detail what retaliatory acts Hall took. He fails to set forth

---

[2] Plaintiff's mailing documents appear to show that he is in a special holding unit, however. *See* Doc. Nos. 1-2 (HCF return address, "S/H"); 7-2 (HCF return address, "M-S-H").

when he wrote to Maesaka-Hirata, what her response, if any, was, or what her personal involvement in his claims involved. *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) ("A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights.").

As before, without these important details, the court cannot determine whether Plaintiff states a constitutional violation against Defendants, and thus, has jurisdiction over Plaintiff's claims. Plaintiff still fails to provide sufficient facts to move his claims from a mere possibility of a violation to a plausible inference that Hall and Maesaka-Hirata violated his constitutional rights. *See Twombly*, 550 U.S. at 570. Without dates or specific allegations stating what each Defendant did and when, Plaintiff's Complaint does not state a plausible claim for relief on its face. *Id*. Moreover, Defendants cannot determine what they did to violate Plaintiff's constitutional rights or when his claims accrued. They cannot, therefore, reasonably answer the FAC or defend against Plaintiff's claims.

As the court noted previously, Plaintiff alleged these same claims against Hall in *Rowan v. Meyers*, Civ. No. 12-00098 LEK (D. Haw. 2012), an action that he commenced February 17, 2012, more than two years ago. In the *Meyers* case, Plaintiff alleged that Hall and two other guards were trafficking drugs

6

and tobacco in HCF. *See id.*, Compl., Doc. No. 1, PageID #5-6. Plaintiff claimed that after he reported this to prison internal affairs investigators, Hall and the other guards retaliated by purposely losing his laundry, cancelling his recreation periods, depriving him of showers, and cuffing him too tightly. *Id.*, PageID #7. Although the court ordered the first amended complaint in *Meyers* served, Plaintiff voluntarily dismissed this action on July 17, 2012, saying he was going to raise his claims in the state courts. If Plaintiff's new claims against Hall and Maesaka-Hirata in the present action refer to events that occurred in 2012, as it appears, then his claims are likely time-barred by the applicable two-year statute of limitation. *See Pele Defense Fund v. Paty*, 73 Haw. 578, 597-98, 837 P.2d 1247, 1260 (1992).

The court is still unable to determine what Plaintiff's specific claims against Hall and Maesaka-Hirata entail, how they violated his constitutional rights, and when Plaintiff's claims accrued. The FAC fails to state a claim for relief and is DISMISSED with leave granted to amend.

So that Plaintiff may understand what he must do to allege sufficient facts to cure the deficiencies in his claims and enable him to adequately amend the FAC, the court again liberally construes his allegations and discusses their applicable legal standards below.

7

A.   **Retaliation**

To state a retaliation claim, Plaintiff must demonstrate that (1) prison officials retaliated against him for exercising his constitutional rights; and (2) the retaliatory action did not advance legitimate penological goals, such as the preservation of institutional order, discipline, security, or rehabilitation of prisoners. *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985). Plaintiff has the burden of pleading and proving the absence of legitimate correctional goals. *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995). A retaliation claim without an allegation of a "chilling effect" or other harm is not actionable. *See Resnick v. Hayes*, 213 F.3d 443, 449 (9th Cir. 2000). Although Plaintiff vaguely alleges that Hall and other inmates retaliated against him, because he provides insufficient details, the court is unable to plausibly draw that conclusion.

B.   **Threat to Safety**

Prison officials must take reasonable measures to guarantee the safety of inmates and have a duty to protect prisoners from violence at the hands of other prisoners. *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994); *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998). To state a claim for threats to safety, an inmate must allege facts to support that he was incarcerated under conditions posing a substantial risk of harm and that prison officials were "deliberately indifferent" to

his safety. *Id.* at 834; *Frost*, 152 F.3d at 1128; *Redman v. Cnty. of San Diego*, 942 F.2d 1435, 1443 (9th Cir. 1991) (*en banc*).

Plaintiff must allege facts supporting an inference that Maesaka-Hirata knew of and disregarded an excessive risk to his safety. *Farmer*, 511 U.S. at 837. She must not only have been "aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed]," Maesaka-Hirata must have drawn that inference. *Id.*; *Frost*, 152 F.3d at 1128; *Redman*, 942 F.2d at 1442. Plaintiff alleges insufficient facts to support an inference that Maesaka-Hirata was deliberately indifferent to excessive threats to his safety.

**C.     No Respondeat Superior Under § 1983**

Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior. *Iqbal*, 556 U.S. at 676. Each government official may only be held liable for his or her own misconduct. That is, an individual's "general responsibility for supervising the operations of a prison is insufficient to establish personal involvement." *Ouzts v. Cummins*, 825 F.2d 1276, 1277 (8th Cir. 1987).

A supervisor may be held liable under § 1983 if (1) she was personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between her wrongful conduct and the violation. *Starr v. Baca*,

652 F.3d 1202, 1207 (9th Cir. 2011); *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989). In general, a plaintiff "must allege that every government defendant -- supervisor or subordinate -- acts with the state of mind required by the underlying constitutional provision." *OSU Student Alliance v. Ray*, 699 F.3d 1053, 1070 (9th Cir. 2012).

Upholding or denying a grievance is not, in itself, a constitutional violation, and this appears to be Plaintiff's claim against Maesaka-Hirata. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that a prisoner has no constitutional right to an effective grievance or appeal procedure); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988); *see also*, *e.g.*, *George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007) (holding that only persons who cause or participate in civil rights violations can be held responsible and that "[r]uling against a prisoner on an administrative complaint does not cause or contribute to the violation").

**D. Leave to Amend**

The FAC is DISMISSED. Plaintiff may file a second amended complaint on or before June 25, 2014. The second amended complaint must specifically demonstrate what Hall and Maesaka-Hirata did to him, when his

claims occurred, and how their actions violated Plaintiff's federal constitutional or statutory rights.

Local Rule 10.3 requires that an amended complaint be complete in itself without reference to any prior pleading and the court will not generally refer to the original pleading to make any amended complaint complete. Defendants not named and claims not realleged in an amended complaint are deemed waived.[3] *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). As a general rule, an amended complaint supersedes the original complaint, thus, each claim and the involvement of each Defendant must be sufficiently alleged in an amended complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).

**E.     28 U.S.C. § 1915(g)**

If Plaintiff fails to file a second amended complaint correcting the deficiencies identified in this Order, his action may be dismissed and this dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 if he has,

---

[3] Claims that are dismissed without leave to amend need not be repled in an amended complaint to preserve them for appeal. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (*en banc*). However, "claims that have been dismissed with leave to amend and are not repled in the amended complaint will be considered waived." *Id.*

> on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

## IV. **CONCLUSION**

IT IS HEREBY ORDERED that:

(1) The First Amended Complaint is DISMISSED for failure to state a claim as discussed above. *See* 28 U.S.C. § 1915(e)(2)(b) & 1915A(b)(1).

(2) Plaintiff is GRANTED leave to file a proposed second amended complaint curing the deficiencies noted above on or before June 25, 2014. Failure to timely and adequately amend his claims to cure their noted deficiencies may result in **DISMISSAL** of this action for failure to state a claim, and may be counted as a strike pursuant to 28 U.S.C. § 1915(g).

///

///

///

///

///

(3) The Clerk of Court is directed to mail a form prisoner civil rights complaint to Plaintiff so that he may comply with the directions in this Order.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, May 30, 2014.



    /s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Rowan v. Haiyasaki, et al.,* Civ. No.14-00197 JMS/BMK; psa/Scrg2014/Rowan 14-197 jms (dsm FAC lv amd);
J:\Denise's Draft Orders\JMS\Rowan 14-197 jms (dsm FAC, lv. amd.).wpd